# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

FILED
02 NOV 12 AM 9:53

RONALD A. ...
U.S. DISTRICT ...
WESTERN DI... ...
BY____TD_____

| | |
|---|---|
| EDWARD JAMES SCHWARTZ,<br><br>SHARON DIANE SCHWARTZ,<br>      Plaintiff(s)<br><br>    vs.<br><br>DONALD A. KEMPF #38-01083, Internal Revenue Service, Treslebridge Building,<br>5220 Lovers Lane,<br>Kalamazoo Michigan 49002,<br><br>CAROL A EMERY #38-01084,<br>Internal Revenue Service<br>Treslebridge Building,<br>5220 Lovers Lane,<br>Kalamazoo, Michigan 49002<br><br>JOHN DOE SUPERVISOR<br>OF DONALD A. KEMPF<br><br>JOHN DOE DIRECTOR OF IRS<br>20 JOHN / JANE DOES<br><br>COMMISSIONER CHARLES A. ROSSOTTI<br>111 Constitution Ave. NW<br>Washington, DC 20224<br><br>INTERNAL REVENUE SERVICE<br>111 Constitution Ave. NW<br>Washington, DC 20224<br><br>    Defendants. | Case No.: **4:02CV0198**<br><br>JUDGE: Wendell A. Miles<br>Senior, U.S. District Judge<br><br><br>COMPLAINT<br><br>BIVENS ACTION<br><br>Privacy Act<br><br>Pendent State Law<br><br>JURY TRIAL DEMANDED |

CIVIL RIGHTS COMPLAINT WITH A JURY DEMAND:

This is a civil rights complaint with a jury demand per <u>Bivens</u> 91 S.Ct. 1999. i.e.- Bivens action where applicable for violations of plaintiff(s) United States Constitutional rights and other violations of United States Codes as identified seeking money damages, declaratory judgment and injunctive relief.

Plaintiff requests a trial by jury per the 7th Amendment.

JURISDICTION:

This is a CIVIL RIGHTS ACTION under <u>Bivens v. Six Unknown Named Agents.</u> Other applicable codes. This Court has jurisdiction <u>Bivens</u> 91 S.Ct. 1999. Plaintiff(s) also invoke the pendent jurisdiction of this Court.

PARTIES:

The defendants are various federal officials of the INTERNAL REVENUE with same who are being sued in their INDIVIDUAL CAPACITIES for money damages and their official capacities for injunctive relief.

The plaintiff(s) are citizen(s) of the united States of America at all times relevant to the time period detailing the facts set forth in this complaint.

2

## FACTS

1) The plaintiff(s) were assessed monies from prior tax years. Plaintiffs were assessed erroneous taxes by the INTERNAL REVENUE SERVICE and / or defendant DONALD A. KEMPF Employee Identification #: 38-01083. An alleged default was obtained against the plaintiffs as to the amount $25,799 for the year 1998 / $28,998 for the year 1997 / $11,491 for the year ending 12-31-96.

2) The defendant DONALD KEMPF has used extortionate means / intimidation and outrageous tactic to collect the alleged monies at issue. The plaintiff(s) do not owe the monies in question.

3) The named defendant INTERNAL REVENUE SERVICE has an employee defendant DONALD A. KEMPF who has been harassing the plaintiff(s) and violating their civil rights.

4) The actions of the defendant KEMPF have gone beyond the scope of his authority and include harassing customers, suppliers, issuing summons, subpoenas for records and issuing false statements such as "that the plaintiff(s) are not cooperating with him."

5) The actions of issuing SUMMONS to 3RD parties violates Federal laws and the IRS's own manual.

6) "26 USC 7602 states:   c) Notice of contact of third parties:

   1) General notice
   "An officer or employee of the INTERNAL REVENUE SERVICE may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made."

(This is a copy of a letter that was sent 7-17-2002 by plaintiff(s) then attorney-setting forth the violations of law of the defendants, yet defendants continues their actions) – excerted copy.

3

26 USC 7213 states:

>(a) Returns and return information
>
>(1) Federal employees and other persons
>
>It shall be **unlawful** for any officer or employee of the United States or any person described in section 6103(n) (or an officer or employee of any such person), or any former officer or employee, **willfully to disclose to any person,** except as authorized in this title, **any return or return information** (as defined in section **6103(b))**. Any violation of this paragraph shall be a **felony** punishable upon conviction by a fine in any amount not exceeding $5,000.00, or imprisonment of not more than 5 years, or both, together with the costs of prosecution, and if such offense is committed by any officer or employee of the United States, he **shall** in addition to any other punishment, **be dismissed from office or discharged** from employment upon conviction for such offense.

**26 USC 6103(b) states:**

>**(2)** Return information
>
>The term "return information" means-
>
>(A)
>
>>a **taxpayer's identity**, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, **whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing,** or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense,

Furthermore after doing research regarding the authority to issue the summons that Mr. Kempf has served on the parties, it appears that he is not authorized to do so. Once a statute had been passed such as 26 USC 7602 before it becomes enforceable it must be implemented and recorded in the Federal Registry. Statutes and implementing regulations guarantee procedural due process and **guard against verbal statements of presumed authority by rogue elements of government organizations which is not in accordance with the laws of the United States of America, the fifty (50) states of the Union and the Constitution for the united States of America.**

The Code of Federal Regulations, 1 C.F.R., Part 1 describes requirements for organizations and entities of the Federal government to promulgate their regulations in the Federal Register pursuant to the directives of the Administrative Committee of the Federal Register. The Supreme Court has repeatedly established that regulations are necessary to implement a statute. The Supreme Court of the United States of America, in California Bankers Association v. Shultz, 94 S.Ct. 1494 (1974), said "...the statute is not self-executing, were the Secretary to take no action whatever under his authority there would be no possibility of civil or criminal sanctions being imposed on anyone... we think it important to note that the Acts civil and penalties attach only upon the violation of regulations promulgated by the Secretary; if the Secretary were to do nothing the Act itself would impose no penalties on anyone..." The United States government stated in this instant case, ..."The government urges that since only those who violate these regulations may incur civil and criminal penalties, it is the actual regulations issued by the Secretary of the Treasury, and not the broad authorizing language of the statute, which is to be tested against the standards of the Fourth Amendment; and that when so tested they are valid." In United States v. Mersky, 361 U.S. 431,437,438,80 S.Ct.459 (1960) the Court had before it a statute which contained the words, "The Secretary may by regulations..." concerning this language, the Court stated as follows: "Here the statute is not complete by itself since it merely declares the range of its operation and leaves to its progeny the means to be utilized in effectuation of its command once promulgated, these regulations, called for by the statute itself, have the force of law, and violations thereof incur criminal prosecutions, just as if all the details had been incorporated into the Congressional language, The result is that neither the statute nor the regulations are complete without the other, and only together do they have any force.

In effect, therefore the construction of one necessarily involves the construction of the other. In the case of United States of America v. Murphy, 809 F.2d. 1427 9th Cir (1987) regarding the Currency Reporting Act, the Court stated that the Currency Reporting Act is not self executing and imposes no reporting duties with respect to currency transactions until implementing regulations have been promulgated. See 31 U.S.C.A. & sect; 5311, et seq. The Court also further stated, quoting California Bankers Association v. Shultz, the reporting act is not self executing. It can impose no reporting duties until implementing regulations have been promulgated. Dodd v. United States, 223 F. Supp. 785 (1963) said for Federal tax purposes, regulations govern. Lyeth v. Hoey, 1938, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119. Curley v. United States of America, 791 F. Supp. 52 (E.D.N.Y. 1992) at page 55 says "failure to adhere to agency regulations may amount to denial of due process if the regulations are required by The Constitution or a statute." See Arzanipour v. Immigration & amp; Naturalization Service, 866F.2d.743, 746, 5th Cir. 1989- Cert denied 493 U.S. 814, 110 S.Ct. 63, 107 L.Ed.2d.30 (1989).

In the case of United States v. Renis, 794 F.2d. 506 (9th Cir. 1986) concerning Bank Secrecy Act violations and the promulgation of Form 4789 in the Federal Register as a substantive regulation, the court stated at page 508: "Form 4789, however, was never

5

promulgated pursuant to the rule making requirements of the Administrative Procedures Act. 5 U.S.C. & sect; 553. <u>United States v. Ricter, 610 F.Supp. 480, 489, and n.14 (D.C.Ill. 1985).</u> Consequently, Form 4789 is not effective as a regulation. See <u>United States v. $200,000 in United States Currency,</u> 590 F. Supp. 866 (S.D.Fla 1984). Criminal penalties for failure to report currency transactions can attach only upon violation of the regulations promulgated by the Secretary. See <u>California Bankers Association v. Shultz,</u> 416 U.S. 21, 26, 94 S.Ct. 1494, 1500, 39 L.Ed.2d. 812 (1974)"

In the Supreme Court case of <u>United States v. Pensylvania Chem. Corp.,</u> 411 U.S. 655, 36 L.Ed.2d. 567, 93 S.Ct.1804, P.581 the court stated: "Moreover, although the regulations did not of themselves purport to create or define the statutory offense in question, see <u>United States v. Mersky,</u> 361 U.S. 431, 4 L.Ed.2d.423, 80 S.Ct. 459 (1960), it is certainly true that their designed purpose was to guide persons as to the meaning and requirements of the statute. Thus, to the extent the regulations deprived PICCO of fair warning as to what conduct the government intended to make criminal, we think there can be no doubt that traditional notions of fairness inherent in our system of criminal justice prevent the government from proceeding with the prosecution."

The United States Supreme Court stated in <u>United States v. Vogel Fertilizer Co.,</u> 455 U.S. 16, 70 L.Ed.2d. 792, 102 S.Ct.821: "The framework for analysis is refined by consideration of the source of the authority to promulgate the regulation at issue. The Commissioner has promulgated Treasury Reg and sect; 1.1563-1(a)(3) interpreting this statute only under his general authority to 'prescribe all needful rules and regulations.' 26 U.S.C. sect; 7805(a) 26 U.S.C.S. sect; 7805(a). Accordingly, 'we owe the interpretation less difference than a regulation issued under a specific grant of authority to define a statutory term or prescribe a method of executing a statutory provision.' <u>Rowan Cos. v. United States,</u> 452 U.S. 247, 253, 68 L.Ed. 814, 101 S.Ct. 2288 (1981). In addition Treas. Reg &sect; 1.1563-1(a)(3) purports to do no more than add a clarifying gloss on a term- brother-sister control group- that has already been defined with considerable specificity by Congress. The Commissioners authority is consequently more circumscribed than would be the case if Congress had used a term 'so general…as to render an interpretative regulation appropriate." <u>National Muffler Dealers Assn. Inc. v. United States,</u> 440 U.S. 472, 476, 59 L.Ed.2d. 519, 99 S.Ct.1304 (1979), quoting <u>Helvering v. R.J.Reynolds Co.,</u> 306 U.S. 110, 114, 83 L.Ed. 536, 59 S.Ct. 423 (1939).

In the case of <u>United States v. Oliver L. North,</u> Case Number 88-0080-02GAG (D.D.C. November 18, 1988) in the pleadings filed in Oliver North's case, the Department of Justice set forth its' position concerning the proper scope of sect; 371, conspiracies in a manner inconsistent with sect; 1956 of the Bank Secrecy Act. Mr. North was exonerated on charges of Money Laundering and violations of the Bank Secrecy Act due to the rulings in <u>California Bankers Assn. v. Shultz,</u> Supra. Congress, the Court said, thus fixed "a primary standard" and committed to the Secretary of the Treasury "The mere executive to effectuate the legislative policy declared in the statute." "Congress

legislated on the subject as far as was reasonably practicable, and from the necessities of the case was compelled to leave to the executive officials the duty of bringing about the result pointed out by the statute." see Red"C" Oil Co. v. Board of Agriculture of North Carolina, 222 U.S. 380, 394, 32 S.Ct. 152, 56 L.Ed. 240.

I have had the opportunity to check the Federal Registry that implements 26 USC 7602 and ...". Yet the defendant's took no action to rein in defendant KEMPF.

1) Because of the Defendant KEMPFs actions as set forth supra and infra friends do not call the plaintiffs.

2) The Defendant KEMPF has taken innocent transactions with business suppliers and has attempted to convince these suppliers that the plaintiffs have been engaged in criminal behavior slandering the plaintiffs.

3) The Defendant KEMPF has violated the PRIVACY ACT and various state Statutes as identified in the claims section. Defendant Kempf contacted people he got names and numbers from on phone records. He contacted relatives, friends from Plaintiffs' church, the Pastor from Plaintiff's church, and people Plaintiff didn't know. Defendant Kempf contacted people listed on Plaintiffs' business accounts. Relatives were given the privilege to use these accounts to receive the Plaintiffs discount. Defendant Kempf repeatedly contacted them by letters and telephone calls insisting they did business with Plaintiff even after they told Mr. Kempf that Plaintiff never worked for them. Defendant Kempf told a lady he contacted that Plaintiff was deducting costs of their materials from jobs that Plaintiff done and Defendant Kempf had no evidence of such things happening. Defendant Kempf defamed, corrupted, and slandered Plaintiffs' reputation with no evidence to back up such claims. Plaintiff has no idea at this point who all Defendant Kempf has contacted, sent letters to or summonsed. Plaintiff at this point has no idea of the extent of the damage Defendant Kempf has done to Plaintiff. Defendant Kempf went so far as to tell Plaintiffs' cell phone company lawyer that he got the idea of harassing Plaintiff with phone records from a TV show he had watched. Defendant Kempf took information that was never confirmed or substantiated in any way and made it common public knowledge with out a shred of evidence defaming Plaintiff and causing great harm to Plaintiffs' business which Plaintiff spent approximately 25 years building up.

7

10) The defendant CAROL A. EMERY #38-01084 Acting Group Manager has been signing SUMMONS and has no authority under federal and / or TAX CODE law to sign same.

11) All of Plaintiffs banking records were summonsed from the banks and the summonses had no OMB numbers as required by the Paperwork Reduction Act to make them enforceable. The banks gave up the records because it was the IRS, even though they were warned by Plaintiff that this was not legal. Plaintiff has lived in fear because of these actions and unknown actions such as listening to phone conversations of Plaintiffs, spying on Plaintiff with cameras and movie cameras etc… Plaintiff has become paranoid of such simple things as leaving doors unlocked, sleeping, and people either driving by his home or driving up his drive

12) The defendant KEMPF CONTACTED THE plaintiffs' suppliers:

   a) Huddlestun Lumber in Three Rivers Michigan
   b) Tomlinson Lumber in Colon Michigan
   c) Northern Cashway Lumber in Howe Indiana
   d) Wicks Lumber in Coldwater Michigan

   With letters and SUMMONS demanding all the records of the plaintiff(s).

13) The suppliers in paragraph number 12 use to recommend the plaintiff for Jobs but since being harassed and contacted by the defendant KEMPF / IRS these suppliers no longer recommend the plaintiff since the defendant KEMPF defamed the plaintiff and his business, slandering him in reference to his occupation and alleged legal troubles.

14) The defendant KEMPF OBTAINED ALL THE PHONE RECORDS of the Plaintiff(s) through the illegal issuance of a SUMMONS OR otherwise and proceeded to call the people that the plaintiff(s) had called and / or issuing them letters demanding / threatening these people and insisting that they had done business with the plaintiff(s). The defendant DONALD A. KEMPF asks for copies of "checks or payments made to any of the above named individual or entities or to any third party such as a lumber company for the above named individual or entities during 1999 and 2000.

15) Many of these people were people that the plaintiff(s) knew from church set forth in paragraph number 14, same rewritten herein.

8

16) This caused many of the friends that the plaintiff(s) had / have to not be friends with the plaintiffs anymore. Defendant KEMPF has harassed former customers of plaintiff. One older man who had a stroke and was partially paralyzed on one side received numerous phone calls and letters. An old lady in a nursing home got a call from defendant KEMPF and was afraid she was in trouble because she didn't know plaintiff who she never done any business with. An older married couple, both with cancer and in no condition to handle stress received numerous calls and letters because they didn't know where their records were. Plaintiff did some small jobs for them over the years. Another former costumer of plaintiff was harassed both by phone and mail. Her bank was also sent a summons for her records for the small amount of work plaintiff did for her.

17) The defendant KEMPF and the defendant DOE, SIGNATURE of said approving Officer issuing SUMMONS served same on the plaintiff ED SCHWARTZ'S mother and father in law and the mother and father of plaintiff Sharon Schwartz – Mr. & Mrs. Yoder directing them to show up for a hearing at 1:00 AM in the morning.

18) Other people were sent letters seeking information with the defendant KEMPF purporting to have knowledge that the plaintiff(s) did business with the recipient of the letter when in fact no business had been conducted with these individuals. Said letters sent to people purporting have insider knowledge alleging "I am aware that you did business with Edward Schwartz during 1999 and 2000 under one of the above names..." when in fact no business took place with these persons caused the plaintiffs the intentional infliction of severe emotional distress causing the plaintiffs to have hair loss / vomiting – have head aches and other physical manifestations to be identified in future filings. The people that the defendant's issue the SUMMONS have no evidence. The defendant's are merely engaged in a "fishing expedition" in an attempt to find non-existing information.

19) The defendants IRS OBTAINED A JUDGMENT against the plaintiff(s) through default.

20) The plaintiff(s) are in the process of setting said default aside, as they did not owe said funds.

21) THE ACTIONS OF THE DEFENDANTS set forth supra and infra in re issuing SUMMONS, LETTERS, PHONE CALLS, etc. are all issued with out probable cause that the plaintiffs have violated any laws. The actions all stem from per paragraph 18 and 19, monies obtained through a default judgment that the plaintiffs do not owe but the defendants serving an assessment on to the plaintiffs and their alleged failure to respond.

22) The defendant IRS et al., when assessing the plaintiff(s) never placed a control number on said correspondence and / or same was never signed by the authorized agent at the IRS voiding same.

23) The defendant IRS AND / OR KEMPF, John / Jane DOES never notified the plaintiffs of a DUE PROCESS HEARING as is the law at the time of this assessment

24) Plaintiff was stalked by two armed Federal Marshals from his home to White Pigeon Michigan, then to Colon Michigan, which is three quarters of the way across the county. The defendant DOES chased the Plaintiff down the road to hand him a SUMMONS ALMOST CAUSING an accident. Plaintiff was there ambushed by the Colon Township Police, two Federal Marshals and two Michigan State Troopers. Colon Michigan is the town where Plaintiff(s) grew up. Friends and relatives seen all of this take place in the middle of town causing Plaintiff much humiliation, embarrassment, undo grief and fear for his very life. The papers served on Plaintiff he received in the mail the day before. On another occasion two Federal Marshals and a County Cop showed up at Plaintiffs home, threw papers on the concrete outside of his patio enclosure, and said, "Consider yourself served." This was said to Plaintiffs daughter in law who was in the patio. On March 8, 2002 three or four armed Federal Marshals with flak jackets walked around Plaintiffs home banging on doors and peering in windows terrifying Plaintiffs wife. Plaintiff was also dragged into Federal Court and spent four (4) days in jail for Contempt of Court because of the illegal activities of defendant KEMPF.

25) The actions of the defendant's set forth supra and infra have caused the plaintiffs the intentional infliction of emotional distress, great humiliation, embarrassment, and mental suffering.

26) The actions of the defendant's set forth supra and infra have led the plaintiff(s) to contemplate suicide.

27) The defendant's KEMPF / DOES / IRS have violated the 4th AMENDMENT in re "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 91 S.Ct. 1999.

28) The 4th Amendment "..guarantees to citizens of the United States the absolute right to be free from unreasonable searches and seizures carried out by virtue of Federal authority. And 'where Federally protected rights have been invaded, it has been the rule from the beginning that courts will alert to adjust their remedies so as to grant the necessary relief. " Bell v. Hood, 327 U.S., at 684." Bivens, ID. @ 1000.

10

29) Plaintiffs allege that the paperwork sent to them during the course of this investigation did not have PAPERWORK REDUCTION ACT CONTROL NUMBER to have it validated under the INTERNAL REVENUE CODE voiding same.

30) "The mere invocation of federal power by a federal law enforcement official will normally render futile any attempt to resist an unlawful entry or ... and a claim of authority... is likely to unlock... as well." Bivens. Id.

31) "it is well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." Bell –vs- Hood, 327 U.S., at 684.

32) "The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury." Marbury v. Madison, 1 Cranch 137, 163 (1803)... we hold that the petitioner is entitled to recover money damages for the injuries suffered as a result of the agents' violation of the Amendment." Bivens, Id.

33) The defendant ROSSOTTI / IRS / DOE is responsible for failing to train defendant in the action sub judice, in re law, facts, that resulted in the U.S. Constitutional violations the failing has raised to a level of "official government policy or custom." Monell v Department of Social Services, 436 U.S. 658, 690-1, and / or defendants are "acting pursuant to an official policy" City of Canton v Harris 489 U.S. 378, and that "failure to train (defendants) amounts to deliberate indifference to rights of persons with whom (defendants) interact and when policy (alleged in facts) amounts to deliberate indifference to rights of persons with whom (defendants) interact and (this) policy actually caused injury" Pembaur v Cinci., 475 U.S. 469.

34) That the defendant ROSSOTTI / DOE and / or IRS, is the "final decision maker (respectively) for (defendant KEMPF), Pembaur v Cincinnati, 475 U.S. 469, 485 and / or "municipality may be held liable under § 1983 for failure to train (defendants, as set forth in facts)... (amounting to) failure to train amount to a deliberate indifference to rights of persons with whom (defendants) interact and when policy caused actual injury" (as alleged in FACTS) Pembaur v Cincinnatti, Id.

11

34) The defendants, same rewritten herein in FACTS, "..although no direct evidence existed as to policymaker's knowledge of (facts alleged / illegal searches, and / or committing perjury / false and erroneous information to obtain illegal probable cause), the policymaker's knowledge of (Illegal searches), the practice is so widespread and flagrant, the policymaker should have known of it making it possibly a policy or custom" Krulik v Bd. Of Education, 781 F2d 15, 23 making the defendants IRS / DOE / ROSSOTTI, liable.

35) The "municipality (as alleged in facts) may be held liable when muncipal supervisors (defendants' as alleged) knowingly acquiesced to official's behavior because individual officials' act (defendants as alleged) rises to a level of policy for purposes of § 1983 "Carter v Philadelphia, 181 F3d 339, 350, "municipality may be found liable" Monell, supra @ 694

CLAIMS:

1st CAUSE:

1) Per facts ¶-35 plaintiffs Du Process rights were violated to be free from unreasonable search and seizure and to be secure in their papers in violation of the 4th Amendment USCA.

2nd CAUSE:

1) The actions of the defendant's set forth ¶1-35 violated the PRIVACY ACT.

3rd Cause:

1) The actions of the defendant's set forth in ¶1-35 violated state law:

   a) libel    b) slander    c) conversion

   d) harassment    e) abuse of process

   f) obstruction of justice    g) intimidation    h) extortion

4th CAUSE: Other causes to be identified

5th CAUSE:

Various ACTS OF CONGRESS in re records / privacy of banks etc.

RELIEF:

   a) A declaratory judgment that the plaintiffs rights were violated.

   b) All costs and any other relief this Court deems just.

   c) Trial by jury.

   d) $20 million jointly and severally against each defendant.

*[signature]*        *[signature]*
Edward James Schwartz        Sharon Diane Schwartz

13